1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  SEAN JEFFREY RICHSON,              )   Case No.: 1:20-cv-01502-JLT  (HC)
                                       )
12              Petitioner,            )   ORDER DISMISSING PETITION WITH LEAVE
                                       )   TO FILE A FIRST AMENDED PETITION
13       v.                            )
                                       )   [THIRTY-DAY DEADLINE]
14  K. CLARK, Warden,                  )
                                       )
15              Respondent.            )
                                       )
16 _____)

17          Petitioner filed a Petition for Writ of Habeas Corpus on October 20, 2020.  (Doc. 1.)  A

18  preliminary screening of the petition reveals that the petition fails to present any cognizable grounds

19  for relief or any facts in support.  Therefore, the Court will DISMISS the petition with leave to file an

20  amended petition.

21  **I.      DISCUSSION**

22          A.      Preliminary Review of Petition

23          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

24  review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

25  plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26  the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

27  Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

28  either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

1    answer to the petition has been filed.

2         B.     Failure to State a Cognizable Federal Claim

3         The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

4         The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a

5    judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

6

7    (emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States

8    District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a

9    person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484

10   (1973).

11        To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the

12   adjudication of his claim in state court

13        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

14   States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

15

16   28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254

17   Cases requires that the petition:

18        (1) Specify all the grounds for relief available to the petitioner;
     (2) State the facts supporting each ground;

19        (3) State the relief requested;
     (4) Be printed, typewritten, or legibly handwritten; and

20        (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

21

22        Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the

23   facts supporting his claim. It appears Petitioner is raising one claim regarding the Eighth and

24   Fourteenth Amendments of the U.S. Constitution. (<u>See</u> Doc. 1 at 4.) Rule 2(c) requires that each

25   ground for relief be clearly stated, along with providing specific factual allegations that support the

26   grounds for relief. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>United States v. Popoola</u>,

27   881 F.2d 811, 812 (9th Cir. 1989). Additionally, Petitioner fails to state how the adjudication of his

28   claim in state court resulted in a decision that was contrary to, or an unreasonable application of,

clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number.

## II.     ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __November 4, 2020__          _____ **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE