# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFREY RICHSON,<br><br>   Petitioner,<br><br>   v.<br><br>K. CLARK, Warden,<br><br>   Respondent. | Case No.: 1:20-cv-01502-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 19)<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On October 20, 2020, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. (Doc. 1.) The Central District transferred the case to this Court on October 23, 2020. (Doc. 3.) Petitioner filed a first amended petition on December 9, 2020 (Doc. 9) and filed a second amended petition on March 1, 2021 (Doc. 13). The Respondent has moved the Court to dismiss the action as untimely and for failure to state a cognizable federal claim. (Doc. 19.) The Court recommends that the motion to dismiss be **GRANTED** and the petition be **DISMISSED**.

## DISCUSSION

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

1

relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(4) provides that the rules are applicable "to proceedings for habeas corpus . . . to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions."  Fed. R. Civ. P 81(a)(4).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

Respondent's motion to dismiss asserts that the petition is untimely and fails to state a cognizable federal claim.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Untimely

   A.     Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 20, 2020, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins

2

running on the date that the petitioner's direct review became final. In this case, Petitioner did not appeal his May 23, 2019 sentence. (Doc. 19 at 3.) Therefore, Petitioner's conviction became final sixty days after he was resentenced when the time for filing a direct appeal expired, or July 22, 2019. (Id., citing Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).) The one-year statute of limitations commenced on the following day on July 23, 2019. Absent applicable tolling, the last day to file a federal habeas petition was on July 22, 2020.

### B. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

As Respondent alleges, Petitioner filed three state post-conviction actions after he was resentenced, but Petitioner is only entitled to tolling for part of the time period his first state petition was pending. (Doc. 19 at 3.) Petitioner's first state habeas petition was filed on July 5, 2019 (LD[1] 4), eighteen days before the statute of limitation began running. The petition was denied on August 19, 2019 (LD 5), twenty-seven days after the start of the limitation period, on July 23, 2019. Accordingly, Petitioner is entitled to twenty-seven days of tolling for the first state habeas petition, extending the end of the limitation period from July 22, 2020 to August 18, 2020. (See Doc. 19 at 3, citing Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).)

The California Court of Appeal, Fifth Appellate District found the second state petition

---

[1] "LD" refers to the documents lodged by Respondent with the motion to dismiss.

untimely and it denied the petition citing In re Clark, 5 Cal. 4th 750, 765 (1993). (LD 7.) Therefore, the second and third petitions could not toll the limitation period because they were improperly filed. (Doc. 19 at 4.) The statute of limitation, with the benefit of twenty-seven days of statutory tolling for the first state habeas petition, expired on August 18, 2020. (See id.) Petitioner did not file his current federal petition until October 20, 2020, and the instant petition remains untimely.

C. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 655; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner makes no claim to entitlement of equitable tolling. Petitioner must demonstrate diligence throughout the limitations period. Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). He fails to do so. He fails to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently. He should not be granted equitable tolling.

III. Failure to State a Cognizable Federal Claim

Petitioner's one claim challenges the superior court's resentencing. (See Doc. 13 at 4-7.) Respondent correctly asserts that Petitioner fails to present a federal claim, since Petitioner is

4

challenging the application and interpretation of state law. (Doc. 19 at 4-5.) It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Petitioner claims the state court exceeded its jurisdiction by imposing the eight-year sentence pursuant to California Penal Code sections 4501.5 and 667(e)(1). (Doc. 13 at 4-7.) Respondent contends that Petitioner has purported to characterize his challenge of the resentencing as a violation of his federal constitutional rights, but this is not sufficient to render his claims cognizable on federal habeas review. (Doc. 19 at 5.) Such challenge does not give rise to a federal question cognizable on federal habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").

## ORDER

The Clerk of Court is DIRECTED to assign a District Judge to the case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**June 10, 2021**__                  _____ /s/ Jennifer L. Thurston
                                              CHIEF UNITED STATES MAGISTRATE JUDGE